# APPEAL NO. 16-4715

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

v.

MARCUS MANCHION,

Appellant.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**BRIEF OF APPELLANT MARCUS MANCHION**

CHRISTIAN M. CAPECE
FEDERAL PUBLIC DEFENDER

JONATHAN D. BYRNE
RESEARCH & WRITING SPECIALIST

RACHEL E. ZIMAROWSKI
ASSISTANT FEDERAL PUBLIC DEFENDER

U. S. Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia 25301
Telephone: 304/347-3350

Counsel for Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................i - ii

STATEMENT OF JURISDICTION ........................................................................ 1

ISSUES FOR REVIEW ........................................................................................1 - 2

STATEMENT OF CASE ......................................................................................2 - 5

    A. Manchion is arrested, charged, and convicted following a series of controlled purchases of heroin.

    B. Manchion is determined to be a career offender based on two prior controlled substance offenses.

SUMMARY OF ARGUMENT .................................................................................. 5

ARGUMENT......................................................................................................5 - 12

    The district court erred by employing the modified categorical approach to determine that Manchion's prior conviction for attempt to commit a felony was a controlled substance offense.

    A. Standard of Review.
    B. The analysis of whether a prior conviction qualifies a person for classification as a career offender is focused on the elements of the offense, not the facts underlying it.
    C. The Supreme Court has strictly limited the modified categorical approach to situations where there are multiple elements that could satisfy an offense definition, not multiple means of satisfying a single broadly worded element.
    D. West Virginia's attempt to commit a felony statute is not divisible. The district court erred by concluding a violation of it could be a controlled substance offense.

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

## **Cases**

Anders v. California, 386 U.S. 738 (1967) ............................................................... 1

Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276 (2013) ........................... *Passim*

Shepard v. United States, 544 U.S. 13, 25-26 (2005) .............................................. 8

Taylor v. United States, 495 U.S. 575 (1990) ........................................................ *Passim*

United States v. Carbrera-Umanzor, 728 F.3d 347 (4th Cir. 2013) ..................... 9, 10

United States v. Dozier, ___ F.3d ___, 2017 WL 395098 (4th Cir. 2017) ................. 1

United States v. Gomez, 690 F.3d 194, 198 (4th Cir. 2012) .................................... 7

United States v. Headspeth, 852 F.2d 753, 758-759 (4th Cir. 1988) ...................... 7

United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011) .................................. 5

United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir. 2013) ....................... 6

## **Statutes**

18 U.S.C. § 924(e) ....................................................................................................... 6

18 U.S.C. § 3231 ......................................................................................................... 1

18 U.S.C. § 3742 ......................................................................................................... 1

21 U.S.C. § 841(a)(1) ............................................................................................ 1, 12

28 U.S.C. § 1291 ......................................................................................................... 1

W.Va. Code § 61-11-8............................................................................................ 10, 11

## Other Authorities and Sources

U.S.S.G. § 2L1.2 ............................................................................................................. 9

U.S.S.G. § 4A1.1(a) ...................................................................................................... 6

U.S.S.G. § 4B1.1(a)(3) ................................................................................................. 6

U.S.S.G. § 4B1.2 ........................................................................................................... 6

U.S.S.G. § 4B1.2(b) .................................................................................................. 2, 6

## STATEMENT OF JURISDICTION

On October 20, 2015, an indictment was filed in the Southern District of West Virginia charging Marcus Manchion ("Manchion") with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Four), and possession of heroin with the intent to distribute, also in violation of 21 U.S.C. § 841(a)(1) (Count Five). J.A. 8-12. Because those charges constitute offenses against the United States, the district court had original jurisdiction pursuant to 18 U.S.C. § 3231. This is an appeal from the final judgment and sentence imposed after Manchion pleaded guilty to Count One of the indictment. J.A. 62-65. A judgment order was entered on October 17, 2016. J.A. 147-152. Manchion timely filed a notice of appeal on October 31, 2016. J.A. 153. The United States Court of Appeals for the Fourth Circuit has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## ISSUE FOR REVIEW

**A.     Preface**

After carefully examining the record and researching the relevant law for any violation of the United States Constitution, applicable federal statutes, the Federal Rules of Criminal Procedure, and the United States Sentencing Commission Guidelines, counsel has identified and briefed all arguable issues and concluded that the appeal presents no legally nonfrivolous questions in light of this Court's decision in United States v. Dozier, ___ F.3d ___, 2017 WL 395098 (4th Cir. 2017). Thus, counsel submits this brief in accordance with Anders v. California, 386 U.S. 738 (1967).

**B.     Issue**

Whether the district court erred by concluding that Manchion's prior West Virginia conviction for attempt to commit a felony qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

## STATEMENT OF CASE

This case centers not on Manchion's instant offense of conviction, but on a 2014 West Virginia conviction for attempt to commit a felony. The district court concluded because of that conviction Manchion qualified as a career offender.

**A.     Manchion is arrested, charged, and convicted following a series of controlled purchases of heroin.**

In March 2015, investigators made four controlled purchases of heroin from Manchion at or near his home in Rand, West Virginia. J.A. 158-160. On April 16, 2015, investigators executed a search warrant at Manchion's home. They recovered heroin, firearms, and cash, among other items. J.A. 160-161. In total, 80.821 grams of heroin were involved in the controlled purchases and the seizure at the home. J.A. 161.

Manchion was charged with five counts relating to the investigation. J.A. 8-12 Counts One through Four charged him with distributing heroin, based on the controlled purchases. J.A. 8-11. Count Five charged him with possession with intent to distribute, based on the heroin found in his home. J.A. 12. Pursuant to a plea agreement, Manchion pleaded guilty to Count One of the indictment. J.A. 52.

### B.   Manchion is determined to be a career offender based on two prior controlled substance offenses.

Following Manchion's guilty plea, a Presentence Investigation Report ("PSR") was prepared to assist the district court at sentencing. J.A. 154-177. Based on the amount of heroin involved, the probation officer recommended that Manchion's base offense level be 22, plus a two-level enhancement for possession of a firearm. However, the probation officer also recommended that Manchion be classified as a career offender. J.A. 162. That designation increased his base offense level to 32, reduced to 29 after a reduction for acceptance of responsibility. J.A. 163. Combined with the enhanced Criminal History Category of VI[1], Manchion's recommended advisory Guideline range was 151 to 188 months. J.A. 168, 171.

Manchion objected to his classification as a career offender. J.A. 175-176. He argued that his 2014 conviction in West Virginia for attempt to commit a felony could not be considered a controlled substance offense applying the required categorical approach. J.A. 66-67, 175-176. The Government had no objections to the calculations in the PSR.

The sentencing hearing for Manchion began on April 28, 2016. J.A. 93-101. Noting that the Government had not responded to Manchion's objection prior to the hearing, the district court ordered the Government to do so. In particular, the district

---

[1] Without the career offender designation, Manchion's Criminal History Category would have been IV. J.A. 168.

3

court was concerned with whether "the attempt statute is one that reaches a variety of crimes, not simply one or two, and the question of whether it's divisible or not." J.A. 98. The district court adjourned the hearing. J.A. 100.

In response, the Government argued that the district court could consider the underlying offense that Manchion was attempting to commit in 2014 – distribution of cocaine – in determining whether the attempt offense was a controlled substance offense. J.A. 102-108. Manchion, in reply, argued that because the West Virginia attempt statute was not divisible the district court was not allowed to consider the nature of the underlying offense. J.A. 110-114.

The sentencing hearing resumed on May 12, 2016. J.A. 115-136. The parties did not provide any further argument on the career offender issue, although the Government introduced several documents related to Manchion's 2014 attempt conviction. J.A. 119, 137-146. The district court concluded that Manchion had been convicted of attempt "together with the underlying offense" and that he had "both specific intent to deliver a controlled substance and . . . committed an over act toward the delivery of a controlled substance." J.A. 121. As a result, that conviction "constitutes a conviction for the specified offense" which was a controlled substance offense. J.A. 121-122. Therefore, the district court overruled Manchion's objection. J.A. 122.

The district court thus adopted the advisory Guideline range of 151 to 181 months in prison. J.A. 122. However, it ultimately imposed a sentence of 96 months in prison, followed by a three-year term of supervised release. J.A. 132. Although a

4

downward variance, the sentence was still above the advisory sentencing range produced without the career offender enhancement.

## SUMMARY OF ARGUMENT

The district court erred by concluding that that Manchion qualified as a career offender. The statute defining Manchion's prior offense, attempt to commit a felony, is indivisible and thus only subject to analysis using the categorical approach. The district court's reliance on documents beyond the fact of conviction and the statute itself was improper. As a result, Manchion was improperly classified as a career offender and received a sentence based on that resulting advisory Guideline range. This Court should vacate Manchion's sentence.

## ARGUMENT

**The district court erred by employing the modified categorical approach to determine that Manchion's prior conviction for attempt to commit a felony was a controlled substance offense.**

### A.    Standard of Review

Whether a prior conviction is a predicate for career offender purposes is an issue of law this Court reviews *de novo*. United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011).

### B.    The analysis of whether a prior conviction qualifies a person for classification as a career offender is focused on the elements of the offense, not the facts underlying it.

A defendant is subject to classification as a career offender, and a greatly increased advisory Guideline range, if he has "at least two prior felony convictions of

5

either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3).[2]

A "controlled substance offense" is defined as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). That definition also includes "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n. 1).

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court set forth the method by which courts should analyze prior offenses to determine if they trigger certain sentencing enhancements.[3] After setting forth a definition of "generic" burglary for sentencing enhancement purposes, the Supreme Court moved on to examine how to apply that definition to various state offenses. Id. at 590-599. The Court thus had "to address a more general issue – whether the sentencing court . . . must look only to the statutory definitions of the prior offenses, or whether the court may consider other evidence concerning the defendant's prior crimes." Id. at 600. It noted that most courts had adopted a "categorical" approach that looks "only to the statutory definitions of

---

[2] The other two requirements for career offender status are not at issue in this case. U.S.S.G. § 4A1.1(a).

[3] Although Taylor involved a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), courts have used the same analysis for career offender predicates, given the similarity between the two provisions. United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir. 2013).

6

the prior offenses, and not to the particular facts underlying those convictions." Id, citing United States v. Headspeth, 852 F.2d 753, 758-759 (4th Cir. 1988). Among other reasons, the Court adopted that approach because "the practical difficulties and potential unfairness of a factual approach are daunting." Id. at 601. Thus, the categorical approach "generally requires the trial court to look *only to the fact of conviction and the statutory definition of the prior offense*." Id. at 602 (emphasis added).

### C. The Supreme Court has strictly limited the modified categorical approach to situations where there are multiple elements that could satisfy an offense definition, not multiple means of satisfying a single broadly worded element.

The Court in Taylor suggested that there would be limited situations where a broader approach would be appropriate. Taylor, 495 U.S. at 602. This gave way to a "modified categorical approach," which allowed a more free ranging analysis. See, e.g., United States v. Gomez, 690 F.3d 194, 198 (4th Cir. 2012). The Supreme Court confronted the modified categorical approach, and stressed its limited scope, in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276 (2013).

Like Taylor, Descamps involved the proper analysis of a state burglary conviction. Descamps argued that the elements of his prior California burglary offense were broader than the elements of the generic offense set forth in Taylor. The district court applied a "modified categorical approach" that "permitted it to examine certain documents" to discover whether Descamps had admitted the elements of generic burglary. Descamps, 133 S.Ct. at 2282. The district court found that he did. On appeal,

7

an *en banc* Ninth Circuit agreed, holding that "when a sentencing court considers a conviction under § 459 – or any other statute that is 'categorically broader than the generic offense' – the court may scrutinize certain documents to determine the factual basis of the conviction." Id. at 2282-2283. The Supreme Court reversed and explained that "the modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Id. at 2283. It was not appropriate to use the modified approach when analyzing Descamps's conviction because "that state law defines burglary not alternatively, but only more broadly than the generic offense." Id.

The modified categorical approach is limited to situations where "the statute is 'divisible' – i.e., comprises multiple, alternative versions of the crime." Descamps, 133 S.Ct. at 2284. That review has a "narrow scope" and is "not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea,' but only to assess whether the plea was to the version of the crime" that matched the generic offense. Id, quoting Shepard v. United States, 544 U.S. 13, 25-26 (2005). Thus, the "modified categorical approach that we have approved permits a court to determine which statutory phrase was the basis for the conviction." Id. at 2285 (internal quotation and citation omitted). It applies only "when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes." Id (internal quotation and citation omitted). The "modified categorical approach thus has no role to play in this

8

case" because it "authorize[s] review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not." Id. at 2285-2286.

In reaching that conclusion, the Court explicitly rejected the approach employed by the *en banc* Ninth Circuit. The Ninth Circuit had "dismiss[ed] everything we have said on the subject" and applied a "modified categorical approach" that "could turn a conviction under any statute into an ACCA predicate offense." Descamps, 133 S.Ct. at 2286. Such an approach, contrary to Taylor, "turns an elements-based inquiry into an evidence-based one." Id. at 2287. The Supreme Court also rejected the Ninth Circuit's conclusion that the difference between divisible and indivisible statutes was merely "conceptual" and was based on whether a statute explicitly listed alternate means of commission or an implied list. Id. at 2289-2290.

This Court expanded on the limited role of the modified categorical approach in United States v. Carbrera-Umanzor, 728 F.3d 347 (4th Cir. 2013). In that case the defendant's sentence under the illegal reentry Guideline, U.S.S.G. § 2L1.2, was increased because a prior conviction for child abuse was determined to be a "crime of violence." The district court had reached that conclusion by applying a modified categorical approach. This Court held that only the categorical approach was appropriate and reversed. Id. at 349. Relying on Descamps, this Court noted that "where the statute defines the offense broadly rather than alternatively, the statute is

9

not divisible, and the modified categorical approach has no role to play." Carbrera-Umanzor, 728 F.3d at 350 (internal quotation marks omitted). Because the statute at issue in that case was not divisible, "the question becomes whether a conviction . . . is, as a categorical matter, a crime of violence." Id. at 354. The "point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a crime of violence, but to determine whether the defendant was in fact convicted of a crime that qualifies as a crime of violence." Id. at 350. In a situation where "the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified categorical approach simply 'has no role to play.'" Id, quoting Descamps, 133 S.Ct. at 2285.

> **D.    West Virginia's attempt to commit a felony statute is not divisible. The district court erred by concluding a violation of it could be a controlled substance offense.**

In 2014, Manchion was convicted of the West Virginia offense of attempt to commit a felony. J.A. 107. The statute provides that "[e]very person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows," and lays out separate punishments based on whether the attempted offense is a felony or misdemeanor. W.Va. Code § 61-11-8. As with the statutes in Descamps and Carbrera-Umanzor, the West Virginia attempt statute lays out an offense with a single set of elements that could be satisfied in multiple ways. It does not provide a list of alternative elements. Its sweep is broad, encompassing any "offense," and could therefore include offenses that qualify as a

10

controlled substance offense and those that do not. Therefore, the statute is not divisible and the district court erred by looking beyond the language of the statute itself to determine whether Manchion's conviction was a controlled substance offense. Because § 61-11-8 sweeps so broadly and covers offenses beyond those that would be defined as controlled substance offenses, a conviction for violating it cannot itself serve as a controlled substance offense triggering career offender status. See Taylor, 495 U.S. at 599-602 (burglary offenses with elements broader than generic definition are not categorically violent felonies). The probation officer and district court erred by concluding otherwise.

The probation officer failed to address the divisibility issue altogether, writing simply that Manchion was "convicted for his attempt to distribute cocaine," thus assuming the answer to the question without properly analyzing it. The probation officer did suggest that the categorical or modified categorical approach "would be relevant," but did not apply either. J.A. 177. In essence, the probation officer did the same thing the *en banc* Ninth Circuit did in Descamps and resorted to documents only relevant to the modified categorical approach without first determining that the statute at issue was divisible. That is the approach that the Supreme Court rejected, noting that it would "turn[] an elements-based inquiry into an evidence-based one." Descamps, 133 S.Ct. at 2287. Without resort to those documents, there is no means to determine the nature of the offense that Manchion attempted to commit.

The district court's analysis was similarly flawed. Although it adjourned the sentencing hearing to provide the Government an opportunity to answer "the question of whether [the statute] is divisible or not," when the sentencing hearing resumed the district court never mentioned divisibility. J.A. 98. Indeed, the district court stated that it was applying the categorical approach – implying the statute was not divisible – but still looked to the underlying offense to be attempted – which is appropriate only if the statute is divisible. J.A. 121-122. The district court engaged in the same tautology as the probation officer – because some document said Manchion was attempting to distribute controlled substances his attempt conviction was a controlled substance offense. That short circuits the analysis the Supreme Court requires in such situations.

If Manchion had sustained his attempt conviction in a system similar to the federal one, that treats attempts with the same severity as the substantive offense, there would be no argument that such a conviction would qualify as a controlled substance offense. See, 21 U.S.C. § 841(a)(1). But Manchion's conviction was sustained under a general attempt statute that is overbroad and indivisible because the statutory language is not couched in terms of alternate elements. Furthermore, it is a statute that treats attempts as less severe than their substantive counterparts and was enacted at least two decades before the Guidelines came into effect. That it does not match the Guideline definition of controlled substance offense is hardly surprising.

## CONCLUSION

The district court erred by classifying Manchion as a career offender and sentencing him based on the resulting Guideline range. This Court should vacate his sentence and remand for resentencing.

Date: March 9, 2017.                    Respectfully submitted,

                                        **MARCUS MANCHION**

                                        By Counsel

**CHRISTIAN M. CAPECE**
**FEDERAL PUBLIC DEFENDER**

**s/Jonathan D. Byrne**
Jonathan D. Byrne
Research & Writing Specialist
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: jonathan_byrne@fd.org


**s/Rachel E. Zimarowski**
Rachel E. Zimarowski
Assistant Federal Public Defender
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: Rachel_zimarowski@fd.org

# CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND LENGTH LIMITATIONS

I.  This brief complies with the type-volume limitation of F.R.A.P. 28.1(e)(2) or F.R.A.P. 32(a)(7)(B) because this brief contains **3,128** words, excluding the parts of the brief exempted by F.R.A.P. 32(a)(7)(B)(iii).

II. This brief complies with the typeface requirements of F.R.A. P. 32(a)(5) and the type style requirements of F.R.A.P. 32(a)(6) because this brief has been prepared using Microsoft Word in 14 point Garamond.

**DATE:** March 9, 2017.

**s/Jonathan D. Byrne**
Research & Writing Specialist
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: jonathan_byrne@fd.org

**s/Rachel E. Zimarowski**
Assistant Federal Public Defender
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: rachel_zimarowski@fd.org

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on **March 9, 2017**, the foregoing **BRIEF** was electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

>Monica D. Coleman, AUSA
>Office of the United States Attorney
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301

and served upon the Appellant by United States Mail, first class postage prepaid, addressed as follows:

>Marcus Manchion, Register No. 12900-088
>FCI Ashland
>P. O. Box 6001
>Ashland, KY  41105

>By:    **s/Jonathan D. Byrne**
>Jonathan D. Byrne
>Research & Writing Specialist
>Office of the Federal Public Defender
>Room 3400, United States Courthouse
>300 Virginia Street East
>Charleston, West Virginia 25301
>E-mail: jonathan_byrne@fd.org